Loring, J.,
delivered the opinion of the court:
The petitioner claims damages under a contract made between the United States, of the first part, and himself of the second part, on the 31st December, 1861, in which it was agreed as follows :
1. That the said party of the second part will furnish, without unnecessary delay, to the United States, at Georgetown, District of Columbia, a good and suitable steam ferry-boat, fitted and equipped in every way for the constant and successful crossing of the Potomac river to and from Georgetown, in the District of Columbia, and Fort Corcoran, in the State of Virginia, and when in full operation the same shall be accepted by the party of the first part.
*57 2. That the said party of the second part shall keep and employ a suitable and ample crew, so that said boat can be run day and night, and he shall bear all the expenses of the running of said boat as aforesaid, including fuel, lights, line of officers and crew, repairs, and suitable landings for the convenient reception and discharge of troops and supplies.
3. And it is further understood that the said boat shall be kept in condition to and shall run continuously, at the expense of the party of the second part, between the points as aforesaid during the continuance of this agreement, under the direction of the quartermasters’ department of the army of the Potomac, who shall have the sole control of the passengers and stores to be transported on said boat.
4. For and in consideration of the faithful performance of all the stipulations of this agreement, the party of the second part shall be paid, at the office of the quartermasters’ department, Washington city, the sum of one hundred and fifteen dollars for each and every day said boat is kept running after she is put in full operation to the satisfaction of the party of the first part, for the period of seven months from the commencement, and as much longer as the department may direct; the payment to be made monthly.
5. It is expressly understood that no member of Congress shall be admitted to any share or part in this agreement, or any benefit to arise therefrom.
And the court find the facts to be :
That the said contract was executed by said parties.
That the steamboat Tallaca, belonging to the petitioner, and in all respects competent and fitted for the service specified, entered upon it on the 9th day of January, 1862, and was employed in it until the 11th of April, 1862.
That on the 11th of April, 1862, the boat being then laden with government stores and property to her full capacity, and the wind and weather being stormy, it was required by the officers of the quartermasters’ department that she should take in tow three schooners and tow them from Budd’s Ferry to Walloman creek, on the Potomac river.
That the master of said boat objected to said service, that it was not within the contract; that his boat was not competent for it, and would be broken down by it, and was already laden to her full capacity, and he protested against it.
The service was then enforced upon the master of the boat, and *58 under its compulsion be took the three vessels in tow and towed them as far as be could, and until by stress of weather he was obliged to come to anchor.
That two days afterward, when the weather was pleasant and he was carrying a portion of a light cargo in the service of the United States, the machinery of the boat broke down and completely disabled her.
The Tallaca was then towed to Washington and thence to Baltimore to he repaired. The repairs occupied 65. days and cost $683.
On the 16th June, 1862, the Tallaca returned to her employment under the agreement stated, and was employed therein until October 1, 1862.
The petitioner has been paid under the said agreement $13,355.
The machinery of the Tallaca broke down because it was strained ■ and weakened by the service enforced upon her by the United States in towing vessels under the circumstances stated, and thereby the petitioner was subjected to the delay and cost of the repairs with which the United States are to be charged.
We find that the United States are indebted to the petitioner as follows:
For employment of the Tallaca from January 9, 1862, to October 1, 1862, 265 days, at $115 per day. $30,475 00
Cost of repairs... 683 00
31,158 00
Less wages saved to petitioner of two deck hands and steward during repairs, 65 days, at $20 each per month. $129 99
Less coal saved to petitioner during repairs, 65 days, and less coal furnished by the United States, 83 days, in all 172 days, at $12 per day... 2,064 00
Less amount paid petitioner by the United States. 13,355 00
--- 15,548 99
15,609 01
For which sum judgment is rendered for the petitioner.